**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE SEBASTIAN LOPEZ, AKA Jose Lopez Pineda, | No. 11-71014 |
| Petitioner, | Agency No. A095-000-280 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2015[**]

Before:    LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

    Jose Sebastian Lopez, a native and citizen of El Salvador, petitions pro se for

review of a Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008).  We deny the petition for review.

Even if Lopez established an exception to excuse his untimely asylum application, substantial evidence supports the BIA's determination that he failed to establish past persecution or a fear of future persecution in El Salvador on account of a protected ground.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (petitioner's "desire to be free from harassment by criminals motivated by theft . . . bears no nexus to a protected ground"); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution").  Thus, Lopez's asylum and withholding of removal claims fail.  *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the BIA's denial of CAT relief, because Lopez did not show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador.  *See Silaya*, 524 F.3d at 1073.

Finally, we reject Lopez's due process contention.  *See Lata v. INS*, 204 F.3d

1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**